UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LYNN K. C. SINES,

    Plaintiff,

    v.

COUNTY OF FULTON *et al.*,

    Defendants.

CAUSE NO. 3:24-CV-553 DRL-SJF

OPINION AND ORDER

The defendants, by counsel, filed a motion for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the plaintiff's complaint and defendant's answer have been filed. Fed. R. Civ. P. 12(c). Though the motion is brought pursuant to Federal Rule of Civil Procedure 12(c), the court applies the same standard that is applied to a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). A Rule 12(c) motion tests the sufficiency of the plaintiff's claims based on the pleadings. *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). In ruling on a Rule 12(c) motion, the court takes all facts in the pleadings as true and draws "all reasonable inferences and facts in favor of the nonmovant." *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The plaintiff must allege a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Lynn K. C. Sines, proceeding *pro se*, asserts claims against Fulton County, Indiana, Sheriff Heishman, and Amber Moolenaar. On June 20, 2024, he notified the sheriff's office in Knox County, Tennessee, that he planned to move to Fulton County in accordance with his obligations as a registered sex offender. On June 21, he went to the sheriff's office in Fulton County and met with Amber Moolenaar to register as a homeless person and to complete sex offender registry paperwork. On June 24, he provided the sheriff's office with a residential address. On July 3, 2024, an employment background check revealed that the sex offender registry reflected that he remained registered in Tennessee. He attempted to contact Sheriff Heishman and Amber Moolenaar on July 4.[1] As of the date he filed the complaint on July 8, Mr. Sines has not received a response from the defendants, and the sex offender registry continues not to reflect his change of address.

According to the complaint, the lack of a more immediate update has caused employers to refuse to hire him and has caused him to fear that he might be arrested for failure to maintain his sex offender registration. Based on these allegations, Mr. Sines asserts that the Fulton County Sheriff's Department failed to process his information on the sex offender registry and that Sheriff Heishman failed to properly train and monitor his employees to ensure they are correctly completing their assignments. For relief, he seeks money damages.

---

[1] The complaint reads that Mr. Sines contacted Sheriff Heishman on "3-4-2024," but, given the other dates in the narrative, the court assumes that Mr. Sines meant to state that he contacted Sheriff Heishman on "7-4-2024."

In the pending motion, the defendants principally argue that Mr. Sines does not assert any federal claims but instead asserts state law tort claims and request the entry of judgment in their favor under Rule 12(c). Here, the court pauses to note that the characterization of Mr. Sines claims as state law tort claims, by itself, would not result in the entry of judgment in the defendants' favor. Consequently, it strikes the court as likely that the defendants intended to pair this argument with an argument that the court would lack subject matter jurisdiction over this case if it consisted of only state law claims. That would be a motion under Rule 12(b)(1), with a different standard.

Even if they did not, the court would have considered subject matter jurisdiction on its own motion. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("It has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings.").

Having established the potential consequences of this motion, the court considers the defendants' principal argument. In the complaint, Mr. Sines does not expressly rely on any constitutional provision or federal statute. Liberally construing the complaint, the court surmises that the most likely candidate for a federal claim based on these allegations seems to a procedural due process claim under the Fourteenth Amendment. Such a claim requires a plaintiff to demonstrate that he has been deprived of a cognizable liberty interest without appropriate procedural safeguards. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013). Mr. Sines has asserted his inability to obtain employment and his

3

fear of arrest as the harms caused by the defendants, so the court will consider whether these assertions implicate cognizable liberty interests.

In the complaint, Mr. Sines alleges that the lack of a more immediate update has caused employers to refuse to hire him because it causes employers to believe that he is engaged in identity theft, that he is noncompliant with sex offender registration requirements, or that he does not live in Indiana. It thus appears that Mr. Sines' concerns about his employment prospects are essentially concerns about his reputation as a currently law-abiding resident of Indiana.

> It is well-settled that an individual has no cognizable liberty interest in his reputation; consequently, when a state actor makes allegations that merely damage a person's reputation, no federally protected liberty interest has been implicated. Indeed, mere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment. Rather, it is only the alteration of legal status, such as governmental deprivation of a right previously held, which, combined with the injury resulting from the defamation, justifies the invocation of procedural safeguards. As such, when a state actor casts doubt on an individual's good name, reputation, honor or integrity in such a manner that it becomes virtually impossible for the individual to find new employment in his chosen field, the government has infringed upon that individual's liberty interest to pursue the occupation of his choice.

*Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 617 (7th Cir. 2002). Significantly, the complaint contains no indication that the defendants altered his legal status. In the cases reviewed by the court recognizing reputational harm as a cognizable interest, such harm is accompanied by loss of employment or an adverse administrative finding. *See e.g.*, *O'Gorman v. City of Chicago*, 777 F.3d 885 (7th Cir. 2015) (loss of employment); *Dupuy v. Samuels*, 397 F.3d 493 (7th Cir. 2005) (administrative finding); *Hojnacki v. Klein-Acosta*, 285

4

F.3d 544 (7th Cir. 2002) (loss of employment); *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603 (7th Cir. 2002) (administrative finding).

Here, the complaint implies that Mr. Sines is a convicted sex offender who is subject to sex offender registration requirements, including the obligation to notify local law enforcement of changes of address within 72 hours. *See* Ind. Code § 11-8-8-11. However, there is no indication that the entry of the new address into the sex offender registration database or lack thereof alters Mr. Sines' legal status or that he could reasonably be found to have neglected his obligations due to law enforcement's inaction. The failure to update the database did not amount to an administrative finding that Mr. Sines was non-compliant or that he continued to reside in Tennessee. At most, the failure to update the database might have caused confusion as to Mr. Sines' compliance with the law and his residency. Because the defendants did not alter Mr. Sines' legal status, the court declines to recognize Mr. Sines' reputation as a cognizable liberty interest. He has not stated a plausible claim this way.

The court next considers whether the impliedly asserted right to be free from the fear of arrest amounts to a cognizable liberty interest. It is beyond dispute that a cognizable liberty interest would be implicated if Mr. Sines had been arrested. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991). But the law has declined to find that governmental officials violated sex offenders' interest in freedom from bodily restraint merely by subjecting them to an increased risk of arrest by failing to process their registration. *Beley v. City of Chicago*, 901 F.3d 823, 826–27 (7th Cir. 2018). Instead, this is "a liberty interest, once removed." *Id.* Nor is the "freedom from the possibility of

5

incarceration" a cognizable liberty interest. *Beley*, 901 F.3d at 827; *see Paul v. Davis*, 424 U.S. 693 (1976) (citywide distribution of a flyer identifying an individual as an active shoplifter did not implicate a cognizable interest even though it increased his fear of being arrested). Therefore, the court finds that Mr. Sines' claims do not implicate a cognizable interest as required for a procedural due process claim.

The lack of a cognizable interest is sufficient to persuade the court that the complaint does not state any federal claims, but the court identifies two more potential issues with a procedural due process claim based on the allegations in the complaint. First, the court observes that Mr. Sines allowed the Fulton County Sheriff's Department only eighteen days to update the sex offender registration database, and his allegation that he would be unable to obtain employment appears to rely solely on a single employment background check that reflected that he remained registered as a sex offender in Tennessee. On this limited record, the court could not find that Mr. Sines suffered harm to his reputation even if it amounted to a cognizable interest. Additionally, though the court declines to assess its adequacy here, Indiana has adopted a procedure for sex offender registrants to challenge local law enforcement's refusal to make requested changes to the sex offender registry. Indiana Department of Correction, Sex & Violent Offender Registry, https://www.in.gov/idoc/sex-and-violent-offender-registry/ (last visited Feb. 28, 2025).

Unable to identify any federal claims, the court concludes that the complaint consists of only state law claims. As a result, the only possible basis for subject matter jurisdiction would be diversity of the citizenship between the parties. *See* 28 U.S.C. § 1331

(federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1367 (supplemental jurisdiction). According to the complaint, Mr. Sines is a citizen of Indiana. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (an individual is a citizen of "the state in which a person intends to live over the long run" for purposes of diversity jurisdiction). Fulton County is also a citizen of Indiana. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes."). The court thus lacks diversity jurisdiction because it requires complete diversity and "shared citizenship between just one party on both sides of the lawsuit destroys complete diversity." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

In sum, the court finds that the complaint asserts only state law claims and that the court lacks subject matter jurisdiction over them. "Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice." *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022). Therefore, the court will dismiss this case without prejudice.

For these reasons, the court:

(1) GRANTS the motion for judgment on the pleadings (ECF 18) to the extent it seeks acknowledgment that the complaint consists of only state law claims ; and

(2) DISMISSES this case without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

February 28, 2025                               *s/ Damon R. Leichty*
                                                Judge, United States District Court